UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID FERRIS, II,

    Plaintiff,

CASE NO. 1:15-CV-680

v.

HON. ROBERT J. JONKER

CITY OF CADILLAC, *et al.*,

    Defendants.

_____/

## ORDER

This matter is before the Court on Defendants DeJong, Sparrow Health System, Castellani, and Schmidt's Motions for Attorneys' Fees (ECF Nos. 252, 254, 259), and Defendant Schmidt's Motion for Incidental/Necessary Expenses (ECF No. 258). In July 2017, the Court granted summary judgment in favor of these defendants, dismissing Plaintiff's claims, all of which arose under 42 U.S.C. § 1983, with prejudice. (ECF Nos. 247-249.) Plaintiff claimed, in essence, that the medical opinions Drs. deJong, Castellani, and Schmidt provided, and on which police and prosecutors relied in arresting and charging Plaintiff, were constitutionally defective.[1] The Court found, after careful review of an extensive evidentiary record, no evidence that any of the defendants knowingly fabricated false evidence or withheld exculpatory evidence. *See Gregory v. City of Louisville*, 444 F.3d 725, 737 (6th Cir. 2006) ("It is well established that a person's constitutional rights are violated when evidence is knowingly fabricated and a reasonable likelihood exists that the false evidence would have affected the decision of the jury.") (quotation marks omitted). Nor did the Court find any law exposing medical experts to constitutional liability for drawing different conclusions from medical data that all accepted as accurate. The Court concluded that Defendants deJong, Castellani, and Schmidt were entitled to qualified immunity, and granted summary judgment on that basis. (ECF No. 247.)

---

[1] Plaintiff abandoned his claim against Defendant Sparrow Health System. (*see* ECF No. 247, PageID.14367.)

Defendants now seek attorney's fees under 42 U.S.C. § 1988, 28 U.S.C. § 1927, or the Court's inherent authority. Section 1988(b) permits the court, in its discretion, to award reasonable attorney's fees to a prevailing party in a § 1983 case. "An award of attorney fees against a losing plaintiff in a civil rights action is an extreme sanction, and must be limited to truly egregious cases of misconduct." *Riddle v. Egensperger*, 266 F.3d 542, 547 (6th Cir. 2001) (internal quotation marks omitted). "[A] plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978). Courts must "resist the understandable temptation to engage in post hoc reasoning by concluding that because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421-22. Such "hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success." *Id.* at 422.

The Court finds no basis to award attorney's fees to any of the defendants here. The parties engaged in hard-fought litigation in the uniquely challenging context of the death of a child. Plaintiff's claims against Defendants deJong, Castellani, and Schmidt, while ultimately unsuccessful, were not frivolous, groundless, or unreasonable. The extensive evidentiary record bespeaks the factual complexity of the case. Although Plaintiff's principal legal arguments did not persuade the Court of Defendants' liability, the Plaintiff supported the arguments with plausible interpretations of legal precedent. The Court sees no evidence of bad faith or vexatious conduct on the part of Plaintiff's counsel.[2] Under these circumstances, the extreme sanction of an award of attorney's fees to defendants, is not appropriate.

---

[2] 28 U.S.C. § 1927 permits the Court to require an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Even though Defendants are not entitled to an award of attorney's fees, Defendants are entitled to costs as prevailing parties under FED. R. CIV. P. 54(d)(1). In allowing costs to a prevailing party, a court may tax only those costs enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). A court has no discretion to award costs not listed in § 1920, but a court has broad discretion in determining whether costs listed in § 1920 are reasonable and necessary and therefore appropriate in a given case. *BDT Prods. v. Lexmark Int'l*, 405 F.3d 416, 419 (6th Cir. 2005). Defendant Schmidt has moved for "incidental and necessary expenses" (ECF No. 258), but his motion does not appear to encompass the costs delineated in § 1920. Nor have the other Defendants sought costs. Defendants may file Bills of Costs detailing their § 1920 costs within 21 days of this Order.

**ACCORDINGLY, IT IS ORDERED**:

1. Defendants deJong and Sparrow Health Systems' Motion for Attorney's Fees (ECF No. 252) is **DENIED**.

2. Defendant Castellani's Motion for Attorney's Fees (ECF No. 254) is **DENIED**.

3. Defendant Schmidt's Motions for Incidental/Necessary Expenses (ECF No. 258) and for Attorney's Fees (ECF No. 259) are **DENIED**. This denial is without prejudice to Defendant Schmidt's ability to file a Bill of Costs under 28 U.S.C. § 1920.

4. Defendants may file Bills of Costs with the Court for costs they are entitled to as prevailing parties under FED. R. CIV. P. 54(d)(1) and U.S.C. § 1920 no later than 21 days from the date of this Order.

Dated:   March 18, 2018           /s/ Robert J. Jonker
                                                                ROBERT J. JONKER
                                                                CHIEF UNITED STATES DISTRICT JUDGE